in the case, the plaintiffs introduced no evidence, and the defendant testified that he had received no benefit from the receiver, and that the receiver had never had funds to which the plaintiffs were entitled. Judgment was rendered awarding a fee of $100 to the attorney, one half to be paid by the defendant, and the defendant excepted. This court held: "As against the defendant the judgment for one half of the attorney's fees was general, and was not restricted to payment from any funds in court, produced by the services of the attorney which were beneficial to the defendant. In the circumstances the defendant was not liable for any part of the attorney's fees." On the facts in the present case, as shown by the pleadings which constitute the only evidence upon which the judgment excepted to is based, the judgment was an abuse of discretion, and was contrary to law, equity, and justice. In *Eckford v. Borough of Atlanta,* 173 *Ga.* 650, 653 (160 S. E. 773), this court said: "The allowance of counsel fees from a fund is capable of great abuse, and should be exercised with the most jealous caution in regard to the rights of litigants, lest thereby the administration of justice be brought into reproach. In most cases it is better to leave those concerned to contract for the compensation to be paid for the services rendered or received." See *Christian Women's Benevolent Asso.* v. *Atlanta Trust Co.,* 181 *Ga.* 576 (4) (183 S. E. 551). *Judgment reversed. All the Justices concur, except*

Grice, Justice, dissenting. While agreeing to the ruling in division 2 of the decision, which deals with the substantive law involved, I dissent, because of my conviction that the order excepted to is not such a final judgment as can be made the basis of a direct bill of exceptions; and accordingly the writ of error should be dismissed. See especially *Ross* v. *Byrd,* 65 *Ga.* 41, and *Marks* v. *Hertz,* 65 *Ga.* 119, cited in the opinion of the majority. It appears to me that this is an instance where "hard cases make bad law."

ÆTNA INSURANCE COMPANY *v.* MARTIN *et al.*

No. 13325.   DECEMBER 17, 1940.

*MacDougald, Troutman & Arkwright, W. P. Whelchel, G. Fred Kelley,* and *Harllee Branch Jr.,* for plaintiff in error.
*Boyd Sloan* and *Joseph G. Collins,* contra.